## Kash License

*Peter Kanjorski,* for appellants.

*Spencer W. Hill,* Special Deputy Attorney General, for Pennsylvania Liquor Control Board.

KREISHER, P. J., July 19, 1948.—The Pennsylvania Liquor Control Board under dáte of August 1, 1947, issued a restaurant liquor license and amusement permit to Alfred and Cecile Kash, owners and proprietors of a restaurant along the main traveled State Highway between Bloomsburg and Berwick, this county, known as "Kirkadore".

Licensees were cited to appear before the Pennsylvania Liquor Control Board at Williamsport, to show cause why the said license should not be revoked, and why the bond filed with the application for such license should not be forfeited by reason of three alleged violations. After hearing the said matter, the Liquor Control Board filed an opinion, wherein it is stated:

"At the hearing on the citation, held on December 30, 1947, which was attended by licensees represented by counsel, the evidence adduced establishes the following facts:

"1. On Sunday, September 28, 1947 and on Sunday, October 19, 1947, licensees, their servants, agents or employes sold, furnished and/or gave liquor and/or malt or brewed beverages to guests or patrons.

"2. Licensees failed to spend the major portion of every day on the licensed premises in charge of the business.

"3. Licensees are engaged in other business without the approval of the board.

"Therefore, the board is of the opinion that the licensees violated the laws of the Commonwealth and the regulations of the board, and that the aforesaid allegations contained in the said citation, are sustained by the evidence, and makes the following.

*Order*

"And now, February 19, 1948, for the foregoing reasons, it is ordered and decreed that the restaurant liquor license no. R-16811, issued to Alfred and Cecile

Kash, for premises on Main Road, known as "Kirka-dore", in the Borough of Briar Creek and County of Columbia, be and it is hereby suspended for a period of 45 days, beginning at seven o'clock a.m., Wednesday, March 24, 1948, and ending at seven o'clock a.m., Saturday, May 8, 1948."

From this opinion and order of the Pennsylvania Liquor Control Board licensees appealed to this court, and a hearing de novo was held, at which time testimony was taken both on behalf of the Liquor Control Board, from the investigators, and on behalf of licensees.

It is the contention of counsel for licensees that the suspension is too severe, and that if the evidence on the hearing de novo does not substantiate all of the findings of the board, that the court, in its discretion, should then reduce the number of days' suspension accordingly. Counsel for licensees contend that licensees were tricked or entrapped to make Sunday sales to the agents, because the agents frequented their place during Fair Week in this county, and told them that they were electricians from the fair grounds, and gained the confidence of licensees, so that on the last day of the fair, Saturday night, licensees, in order to do a favor for the fair employes, sold them some beer after midnight. It is true that the courts justifiably frown upon the securing of evidence by trickery and entrapment. However, evidence secured in such manner is admissible, and can be used as the basis of a prosecution. The general rule in this regard is stated in section 160, in the Third Edition of Judson A. Crane's Law of Crimes:

"If a man is suspected of an intention to commit a crime, neither the individual against whom his act is to be directed nor the public authorities are bound to take steps to prevent its commission. They may set a trap for the suspect and, if he commits the crime, and

is indicted, it will ordinarily be no defense that he was entrapped."

Therefore, even though we might not look with favor upon the actions of the agents in securing this evidence, it is no defense, and the person who violates the law must abide the consequences.

It is the contention of counsel for licensees that the penalty imposed by the Liquor Control Board is too severe, by reason of the fact that the Liquor Control Board based its order upon evidence that licensees failed to keep their restaurant open during the major portion of the day, and that licensees were engaged in other business without the approval of the board. Counsel contends that these requirements are not a part of the Liquor Control Act or the Malt Beverage Act, but are merely regulations of the board, which licensees had no knowledge of, and that it was the duty of the inspectors to inform licensees that they were not permitted to engage in other business, and were required to keep their place open for business during the major portion of every day. However, there was introduced into evidence as appellants' Exhibit No. 1 a blue bulletin which the Pennsylvania Liquor Control Board furnishes to each licensee, upon the request for information to secure a license, or upon the granting of a license. This is entitled "Circular 10", dated "12/1/46", and on page 11, under "Qualifications of an Applicant", it is stated:

"The Board has by regulation provided that no licensee may be engaged in or employed at any other type of business, and that the full time of the licensee must be devoted to the operation of the business. Managers will be approved for a period of only thirty days, and then only in case of illness or extended vacations. In exceptional cases, the thirty day approval will be extended."

This exhibit was offered in evidence by appellants, and it was in their possession prior to the time of the citation, so that the maxim that ignorance of the law is no defense certainly applies in this case.

The testimony shows that Alfred Kash at the time he purchased this restaurant was a miner, and that Cecile Kash was a school teacher, and when the inspectors interviewed applicants and inspected their premises for the original license, were informed of the occupations of applicants, and were also informed that the wife was going to discontinue teaching school and that the husband was going to quit his job in the mines. The uncontradicted evidence shows, however, that both licensees continued to pursue their occupations daily after the original license was granted, and that their place of business was closed during the daytime while they were working elsewhere.

The Liquor Control Act gives the Pennsylvania Liquor Control Board the power to make rules and regulations, which must be complied with by licensees. Those rules and regulations have the same force and effect as any of the requirements in the Liquor Control Act itself, and licensee is bound by them in all events.

The facts found by the Liquor Control Board are fully substantiated by the testimony of the witnesses, and are uncontradicted by licensees and, therefore, this court is obliged to sustain the action of the board and dismiss the appeal. To this end we make the following

*Order*

And now, to wit, July 19, 1948, the appeal of Alfred and Cecile Kash from the ruling of the Pennsylvania Liquor Control Board is dismissed at the cost of appellants; the supersedeas heretofore granted is discharged, and the order of suspension for a period of 45 days is

sustained, said period of suspension to begin at seven o'clock a.m., Wednesday, July 21, 1948, and ending at seven o'clock a.m., Saturday, September 4, 1948.